1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    WILMER A. HERNANDEZ,                    Case No.  13-cv-02955-JST (PR)
                    Petitioner,
10
                                             **ORDER GRANTING RESPONDENT'S**
11        v.                                 **MOTION TO DISMISS; DENYING**
                                             **CERTIFICATE OF APPEALABILITY**
12   KIM HOLLAND, Warden,
                    Respondent.              Re: Dkt. Nos. 5, 6
13

14

15        Petitioner, a pro se prisoner, filed this action for a writ of habeas corpus pursuant to 28

16   U.S.C. § 2254.  Respondent has moved to dismiss the petition as untimely[1], and petitioner has

17   opposed the motion.

18                              **BACKGROUND**

19        In 2009, following a bench trial in Santa Clara County Superior Court, petitioner was

20   convicted of oral copulation on a child 10 years of age or younger.  (Ex. A at 1.[2])  He was

21   sentenced to an indeterminate term of 15 years to life in state prison.  (<u>Id.</u>)

22        On March 22, 2011 the California Court of Appeal affirmed the judgment.  (<u>Id.</u> at 1-7.)

23   Petitioner did not seek review of the Court of Appeal's decision in the California Supreme Court.

24   (Ex. B.)

25   _____

26   [1] Respondent's motion for an extension of time to file a response to the petition (Dkt. 5), is
     GRANTED, and the motion to dismiss is deemed timely filed.
27

28   [2] All references herein to exhibits are to the exhibits submitted by respondent in support of the
     motion to dismiss.

1    On December 2, 2011, petitioner filed a petition for writ of habeas corpus in the California

2    Supreme Court.  (Ex. C.)  The petition was denied on March 21, 2012.  (Ex. D.)

3    Petitioner then filed this action, seeking a writ of habeas corpus.  The petition has a

4    signature date of June 17, 2013 and was stamped "filed" at the Court on June 26, 2013.  As a pro

5    se prisoner, petitioner receives the benefit of the prisoner mailbox rule, which deems most

6    documents filed when the prisoner gives them to prison officials to mail to the court.  See Stillman

7    v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The Court will assume he gave the petition to

8    prison officials for mailing on the date he signed it, i.e., June 17, 2013, and deem the federal

9    petition filed as of that date.

10    **DISCUSSION**

11    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

12    April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of

13    habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

14    convictions or sentences must be filed within one year of the latest of the date on which: (1) the

15    judgment became final after the conclusion of direct review or the time passed for seeking direct

16    review; (2) an impediment to filing an application created by unconstitutional state action was

17    removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

18    recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

19    made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

20    been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

21    which a properly filed application for state post-conviction or other collateral review is pending is

22    excluded from the one-year time limit.  Id. § 2244(d)(2).

23    Petitioner had 40 days to petition for review from the Court of Appeal's decision.  Cal.

24    Rule of Court 8.366, 8.500.  Because the fortieth day was Sunday, May 1, 2011, petitioner had

25    until the following Monday, May 2, 2011, to file a petition for review.  Cal. Civ. Proc. Code

26    §§ 12, 12b.  Consequently, the judgment became final on May 2, 2011, and the limitations period

27    began on May 3, 2011.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation

28    period began running day after time to seek discretionary review of California Court of Appeal's

United States District Court
Northern District of California

2

decision in the Supreme Court of California expired, which was forty days after the court of appeal filed its opinion), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so).  Petitioner therefore had until May 2, 2012 to file his federal habeas petition. The instant petition is deemed filed on June 17, 2013, more than one year later.  Consequently, absent statutory or equitable tolling, the petition is untimely.

**A.     Statutory Tolling**

Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  Consequently, in the instant case, petitioner is entitled to 110 days of tolling, from December 2, 2011 to March 21, 2012, the time during which his state habeas petition was pending.  Petitioner thus had until August 20, 2012, 110 days after May 2, 2012, to file a timely petition.  The instant petition, as noted, is deemed filed June 17, 2013; consequently said petition was filed more than nine months after the expiration of the limitations period as extended by statutory tolling.

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

**B.     Equitable Tolling**

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation and citation omitted); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").  The

3

United States District Court
Northern District of California

1  diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland,

2  130 S. Ct. at 2565.

3      Petitioner bears the burden of showing "extraordinary circumstances were the cause of his

4  untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation and

5  citation omitted).  Where a petitioner fails to show "any causal connection" between the grounds

6  upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas

7  application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35

8  (9th Cir. 2005).  Further, such petitioner must show "his untimeliness was caused by an external

9  impediment and not by his own lack of diligence." Bryant v. Arizona Attorney General, 499 F.3d

10  1056, 1061 (9th Cir. 2007) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006)).

11      Petitioner does not argue he was prevented from filing his federal petition on time.  Nor is

12  there anything in the record to support such a finding.

13      Petitioner's only argument in opposition is that he is a layperson acting pro se.  Neither

14  petitioner's lack of legal knowledge nor his pro se status constitute the sort of extraordinary

15  circumstance warranting equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.

16  2006) (holding "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

17  circumstance warranting equitable tolling"); see also Johnson v. United States, 544 U.S. 295, 311

18  (2005) (noting, in context of untimely petition brought by federal prisoner under 28 U.S.C. §

19  2255, Supreme Court has "never accepted pro se representation alone or procedural ignorance as

20  an excuse for prolonged inattention when a statute's clear policy calls for promptness").

21      Accordingly, the Court finds the petition is not rendered timely on the basis of equitable

22  tolling.

23                              **CONCLUSION**

24      For the foregoing reasons:

25      1.  Respondent's motion to dismiss the instant petition as untimely is GRANTED.

26      2.  Petitioner has not shown "that jurists of reason would find it debatable whether the

27  district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

28  Accordingly, a certificate of appealability is DENIED.

4

3. The Clerk shall enter judgment and close the file.

This order terminates Docket Numbers 5 and 6.

**IT IS SO ORDERED.**

Dated:  April 2, 2014

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California